# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM R. MILLER and STACY A. MILLER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:17-55 |
| | ) | |
| v. | ) | Judge Walter H. Rice |
| | ) | |
| U.S. BANK, N.A. and U.S. BANK HOME MORTGAGE, | ) | Magistrate Judge Michael J. Newman |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF DEFENDANT U.S. BANK, N.A. TO DISMISS
## UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Now comes Defendant U.S. Bank, by and through its counsel, and moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.

A Memorandum in Support is attached hereto.

Respectfully submitted,


*/s/ Douglas R. Sargent*
Douglas R. Sargent
Ryan A. Sawyer
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700
dsargent@lockelord.com
*Attorneys for Defendant U.S. Bancorp,*
*of counsel, pro hac vice admission to be filed*

*/s/ Drew H. Campbell*
Drew H. Campbell          (0047197)
Noorjahan Rahman         (0096038)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-2300
(614) 227-2390 (facsimile)
dcampbell@bricker.com
nrahman@bricker.com
*Attorneys for Defendant U.S. Bancorp*


11716349v2

## MEMORANDUM IN SUPPORT

The Complaint of William and Stacy Miller (collectively, "the Millers") against U.S. Bank raises 13 separate causes of action arising out of the parties' prior relationship as mortgagee and mortgagor. While the various counts lack designated headings, it appears that the Millers are claiming damages under the Real Estate Settlement and Procedures Act ("RESPA") and its implementing regulations (Counts One, Two, Five, Six, Seven, Eleven, and Thirteen), violation of the Truth in Lending Act ("TILA") by violating 12 C.F.R. § 1026.36(c) (Count Twelve) intentional interference with business relations (Count Three), breach of contract (Count Four), breach of contract for failure to properly administer mortgage account (Count Eight), failure to provide a timely pay-off statement (Count Nine), and loss of consortium (Count Ten).

Many of the claims asserted by the Millers fail as a matter of law. Specifically, Counts One, Seven, Eleven, and Thirteen are duplicative of Counts Two, Five and Six and should be dismissed for that reason. Counts One, Three and Nine should be dismissed because they fail to plead a cause of action. Finally, Count Ten should be dismissed because Ohio law does not allow a loss of consortium claim absent a showing of physical injury, which is not alleged in the complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal for failure to state a claim. When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Cooper v. Fay Servicing, LLC*, 115 F. Supp. 900, 904 (S.D. Ohio 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ogle v. BAC Home Loans*

2

10

*Servicing, LP*, 924 F. Supp. 2d 902, 908 (S.D. Ohio 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

<strong>ARGUMENT</strong>

Counts One, Three, Seven, Nine, Ten, Eleven, and Thirteen of the Millers' Complaint suffer from fatal defects that cannot be cured, as explained below.  Accordingly, these counts should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    MANY OF THE COUNTS IN THE COMPLAINT ARE DUPLICATIVE AND SHOULD BE DISMISSED.**

The Millers' Complaint seeks a double recovery through a multitude of counts that are complaining about the same set of facts and raise the same alleged violations.  For example, the complaint first seeks recovery under 12 U.S.C. § 2605.  (Compl., Counts One, Two, Five, Six, Seven.)  Then, it seeks recovery under 12 C.F.R. § 1024.  (Compl., Counts Eleven, Thirteen.) But section 1024 of the Code of Federal Regulations is nothing more than the implementing regulation for the RESPA.  *See* 12 C.F.R. § 1024.1  ("This part, known as Regulation X, is issued by the Bureau of Consumer Financial Protection to implement the Real Estate Settlement and Procedures Act of 1974.").

Counts Eleven and Thirteen of the Complaint plead violations of section 1024 because U.S. Bank allegedly failed to timely respond to various notices of error (Compl., ¶¶ 141-43) and because U.S. Bank purportedly did not respond to the Millers' requests for information—specifically, audio copies of telephone conversations and a complete payment history.  (*Id.*, ¶¶ 150-52.)  But the Millers already plead these alleged violations as causes of action under the RESPA in Counts Two, Five, Six and Seven of their Complaint.  (*Id.*, ¶¶ 72 (listing specific errors); 101 (full payment history); 111 (audio recordings); 116-17 (various errors).)

3

11716349v2

Likewise, Count One is subsumed by Count Two.  Count One alleges a violation of RESPA through the creation of an escrow account to pay for taxes.  (*Id*., ¶¶ 64-69.)  But then the Millers make the exact same complaint (among others) in Count Two. (*Id*., ¶ 72(c).)

Additionally, Count Two and Count Seven are making an identical complaint—the only difference between the counts is the level of detail.  Count Two lists three different issues and claims that U.S. Bank failed to correct the alleged errors. (*Id*., ¶ 72.)  Count Seven just states that "William R. Miller sent to U.S. Bank Home Mortgage a list of requests and issues to be addressed and corrected . . . . U.S. Bank Home Mortgage failed to either address the issues or respond in time."  (*Id*., ¶¶ 116-17.)  Changing the level of detail does not change the fact that these two counts are complaining about the same thing.

Because the referenced counts are duplicative, they should be dismissed under Rule 12(b)(6).  *See Waite, Schneider, Bayless & Chesley Co., LPA v. Davis*, 5 F. Supp. 3d 922, 927 (S.D. Ohio 2014) (dismissing a breach of contract claim under Rule 12(b)(6) because such a claim was subsumed by the malpractice claim); *see also Allied Waste North Am., Inc. v. Lewis, King, Krieg, & Waldrop, P.C.*, 93 F. Supp. 3d 835, 859 (M.D. Tenn. 2015) ("Courts have authority to dismiss duplicative claims if they allege the same facts and the same injury.") (citing *Barrow v. Blouin*, 38 F. Supp. 3d 916, 919-21 (N.D. Ill. 2014)).

As Counts One, Seven, Eleven, and Thirteen are duplicative of Counts Two, Five, and Six, they should be dismissed.

## II.  COUNT ONE FAILS TO STATE A CLAIM FOR A VIOLATION OF RESPA BECAUSE RESPA DOES NOT PROHIBIT THE ESTABLISHMENT OF AN ESCROW ACCOUNT EVEN IF NOT PROVIDED BY THE MORTGAGE.

Count One of the Millers' Complaint alleges that U.S. Bank should be liable under 12 U.S.C. § 2605 for setting up an escrow account for the payment of taxes when no such escrow

account was provided for in the mortgage.  (Compl., ¶¶ 51, 64-69.)  The Millers do not allege that they complained to U.S. Bank about the establishment of an escrow account in any of their purported letters—this is not a claim that U.S. Bank failed to correct an error.  But the establishment of an escrow account when the mortgage documents do not provide for an escrow account does not violate RESPA.  Therefore, Count One fails to state a claim and should be dismissed.

12 C.F.R. § 1024 is the implementing regulation for RESPA, and section 1024.17 provides guidance for the establishment of an escrow account.  Specifically, it provides that "[w]here [the mortgage and note] do not specifically establish an escrow account, whether a servicer may establish an escrow account for the loan is a matter for determination by other Federal or State law." 12 C.F.R. § 1024.17(c)(8).

In other words, the establishment of an escrow account, even if not provided by the mortgage, does not violate the RESPA.  Count One of the Millers' Complaint fails to state a cause of action under the RESPA and should be dismissed.

## III. COUNT THREE FAILS TO PLEAD THE ELEMENTS OF TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS.

Count Three of the Millers' Complaint appears to be attempting to assert liability based on a theory of interference with business relations.  The Millers claim that "U.S. Bank caused William R. Miller to become concerned with the ability of U.S. Bank to properly manage the accounts of his wards/beneficiaries," and that "for the safety of his practice of law and the safety of the individuals that he manages funds for," he closed his accounts at U.S. Bank.  (Compl., ¶¶ 80-82.)  The Millers allege that the actions of U.S. Bank (i.e., improperly administering the mortgage account) "limited William R. Miller from obtaining new clients" and "interfered specifically with the ability of William R. Miller to obtain one client."  (*Id*., ¶¶ 83-84.)  The

Millers claim to have been damaged by the loss of income. (*Id.*, ¶ 85.) In other words, the complaint alleges that U.S. Bank interfered with William Miller's ability to keep existing clients or to obtain new clients.

"A claim of tortious interference with contract arises 'when one party to a contract is induced to breach the contract by the malicious acts of a third person who is not a party to the contract.' " *Escape Ent., Ltd. v. Gosh Ent., Inc.*, 10th Dist. No. 04AP-834, 2005-Ohio-2637, ¶ 23 (quoting *Charter Broadcast Group, Ltd. v. K-Country, Inc.*, 5th Dist. No. 04-COA-033, 2005-Ohio-168, ¶ 30). This generally occurs when a person, "without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *Morrow v. Reminger & Reminger Co.*, L.P.A., 183 Ohio App.3d 40, 915 N.E.2d 696, 2009-Ohio-2665, ¶ 41 (10th Dist.). The elements of such a claim are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995).

Count Three of the Miller's complaint fails to meet the elements of a claim for tortious interference with business relations—or any other cause of action—and should be dismissed under Rule 12(b)(6). Nothing in the Complaint shows that U.S. Bank intentionally caused a third party to breach a contract with William Miller or his law office—to the contrary, the pleading shows that Mr. Miller chose to expend the time to move his accounts to another bank. Admittedly, he claims that U.S. Bank's alleged failures in the servicing of his mortgage account forced him to move the accounts, but he does not allege that U.S. Bank communicated or otherwise contacted Mr. Miller's various clients. Absent a showing that U.S. Bank *intentionally*

6

caused a potential or actual client of Mr. Miller to abandon him without justification, the Millers cannot sustain a cause of action the loss of any business based on the actions of U.S. Bank.

## IV. THERE IS NO CAUSE OF ACTION FOR FAILURE TO PROVIDE A PAY-OFF AMOUNT WITHIN A CERTAIN PERIOD OF TIME EXCEPT THROUGH THE TRUTH IN LENDING ACT.

Count Nine of the Complaint alleges that the Millers were damaged because U.S. Bank did not respond to a request to provide a payoff amount with sufficient haste. Specifically, they claim that "[w]hen the new bank was ready to proceed with closing U.S. Bank Home Mortgage on numerous occasions would not respond to the new bank with a payoff figure." (Compl., ¶ 131.) Thus, the Millers claim they were forced to pay U.S. Bank one additional payment and did not have $1049.00 for thirty days. (*Id.*, ¶¶ 133-34.) William Miller also claims that he suffered emotional distress because of the delay.

Notably, Count Nine of the Millers' Complaint is not alleging that U.S. Bank violated any term of the mortgage contract. Nor does it point to any statutory or common law duty that was allegedly violated. And he cannot be alleging a violation of the TILA—which does require that a payoff amount be provided within seven days—because Count Twelve alleges a violation of 12 C.F.R. § 1026.36(c)(3), the implementing regulation of 15 U.S.C. § 1639g, based on U.S. Bank's alleged failure to respond to a request for a payoff balance. (Compl., ¶¶ 145-48.) It would appear, therefore, that the Millers are attempting to allege some sort of tort for failure to provide a payoff balance within a certain proscribed period of time. But "[t]ort law is not designed to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." *Corporex Dev. & Constr. Mgt., Inc. v. Shook*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 6 (2005).

At best, Count Nine is duplicative of Count Twelve.  But, as noted above, duplicative counts are improper and subject to dismissal under Rule 12(b)(6).  *See Waite, Schneider, Bayless & Chesley Co., LPA v. Davis*, 5 F. Supp. 3d at 927.

Not providing a payoff amount within a certain period of time does not, absent a statutory obligation, provide a right of action.  Since Count Nine does not appear to be based on a violation of any statutory requirement—it does not cite to the statute and there is a separate count specifically citing to the relevant regulation—it fails to state a claim and should be dismissed.

## IV.  STACY MILLER CANNOT MAINTAIN AN ACTION FOR LOSS OF CONSORTIUM BECAUSE WILLIAM MILLER DOES NOT PLEAD ANY BODILY INJURY.

Count Ten of the Millers' Complaint, which alleges a cause of action for loss of consortium for Stacy Miller, should be dismissed under Rule 12(b)(6) for failing to state a claim because William Miller did not suffer any bodily injury as a result of U.S. Bank's alleged actions.

"'Consortium' includes services, society, companionship, comfort, love, and solace." *Gallimore v. Children's Hosp. Med. Ctr.*, 67 Ohio St.3d 244, 251, 617 N.E.2d 1052 (1995). Such a claim is derivative "in that the claim is dependent upon the defendants having committed a legally cognizable tort upon the spouse who suffers *bodily injury*."  *Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 633 (6th Cir. 2009) (citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 585 N.E.2d 384, 391 (1992) (emphasis added)).  Absent bodily injury, Ohio law does not allow recovery for loss of consortium.  *Blatnik v. Avery Dennison Corp.*, 148 Ohio App.3d 494, 774 N.E.2d 282, 2002-Ohio-1682, ¶ 95 (11th Dist.) ("The key question is whether the term 'bodily injury' includes non-physical harms such as emotional distress.  Ohio courts, including this one, have repeatedly held that it does not").

Stacy Miller's claim is derivative of the claims of William Miller. And his claims say nothing about any bodily injury being suffered. Instead, he claims various economic damages (*see e.g.* Compl. ¶¶ 70, 77, 84, 85) and emotional distress (*id.*, ¶¶ 107, 128, 135) because of U.S. Bank's alleged actions. As there is no bodily injury alleged, Stacy Miller has failed to state a claim for loss of consortium, and Count Ten should be dismissed with prejudice under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that this Court dismiss, with prejudice, Counts One, Three, Seven, Nine, and Ten, Eleven, and Thirteen of the Millers' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant all other appropriate relief.

Respectfully submitted,

*/s/ Drew H. Campbell*
Drew H. Campbell        (0047197)
Noorjahan Rahman        (0096038)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-2300
(614) 227-2390 (facsimile)
dcampbell@bricker.com
nrahman@bricker.com
*Attorneys for Defendant U.S. Bancorp*

*/s/ Douglas R. Sargent*
Douglas R. Sargent
Ryan A. Sawyer
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700
dsargent@lockelord.com
*Attorneys for Defendant U.S. Bancorp,*
*of counsel, pro hac vice admission to be filed*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22 2017, I electronically filed the foregoing Defendant's

Motion to Dismiss Pursuant to Rule 12(B)(6), with the Clerk of the Court using the court's

electronic filing system, which will send notification of such filing to all registered participants.

/s/ Drew H. Campbell
Drew H. Campbell

10

11716349v2