**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| WILLIAM R. MILLER | - | |
| And | - | |
| STACY A. MILLER, | - | Case No. 3:17-55 |
| | - | |
| Plaintiffs, | - | Judge Walter H. Rice |
| | - | |
| v. | - | Magistrate Judge Michael J. Newman |
| | - | |
| U.S. BANK, N.A. | - | |
| And | - | |
| U.S. BANK HOME MORTGAGE, | - | |
| | - | |
| Defendants. | - | |
| | - | |

**PLAINTIFFS WILLIAM R. MILLER AND STACY A. MILLER'S MERMORANDUM IN OPPOSITION TO DEFEDANT U.S. BANK, N.A.'S MOTION TO DISMISS PURUSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now comes Plaintiffs William R Miller and Stacy A Miller and submit the attached Memorandum in Opposition to Defendant U.S. Bank, N.A.'s Motion to Dismiss.  Plaintiffs seek this honorable court to overrule Defendant's motion.

Respectfully Submitted,

/s/ William R Miller
William R Miller (0068725)
111 W First Street, Ste 519
Dayton, Ohio 45402
937-222-1366
937-222-1399 (facsimile)
Wrm1107@roadrunner.com
Attorney for Plaintiffs William R. Miller
And Stacy A. Miller

1

<u>**MEMORANDUM IN OPPOSITION**</u>

**I.      PROCEDURAL/FACTUAL HISTORY**

Plaintiffs William R. Miller and Stacy A. Miller (collectively referred to as "the Millers" herein) did file a complaint against U.S. Bank and U.S. Bank Home Mortgage (collectively referred to as the Defendants herein) alleging numerous violations of Federal Law, Regulations, as well as violations of the terms of the agreements between the Millers and the Defendants – the note and the mortgage that existed between the two parties.  The Defendants were properly served with the Complaint.  In response to the Complaint, on the last day to file a response to the Complaint, the  Defendants sought and the Millers graciously provided the Defendants additional time to respond to the Complaint.  The Defendants then proceeded to file a Motion to Dismiss numerous counts of the thirteen counts contained in the Millers' complaint.  For the reasons stated and provided herein and simply because the Millers' claims are viable, this Honorable Court must overrule the Motion to Dismiss.

**II.      LEGAL STANDARD**

The Defendant has provided the proper legal standard for reviewing claims for failure to state a claim to wit:  when reviewing a claim for a motion to dismiss the court must construe the Complaint in the light most favorable to the plaintiff and accept all factual allegations as true.

**III.      ARGUMENT**

The Defendant seeks this court to dismiss counts One, Three, Seven, Nine, Ten, Eleven and Thirteen of the Millers' Complaint for various reasons.  In order to properly evaluate the Defendant's Motion the Court and the Defendant should consult the following as an outline of the Counts:

**Count One:** Violation of 12 USC 2605 **and** Breach of Note and Mortgage for 1) creating an escrow account; and 2) increasing the monthly payment;

**Count Two:** Violation of 12 USC 2605 **and** Breach of Note and Mortgage **and** improper administration of a mortgage:
For 1) withdrawing funds from the Millers' bank accounts that US Bank was not entitled to withdraw or authorized to withdraw; 2) not applying the monies received toward the mortgage balance; 3) creating an escrow arrangement where no escrow arrangement was authorized under the documents that created the legal relationship between the parties; and 4) after receiving notice of these errors, US Bank admitted the errors, but failed to correct these errors;

**Count Three:** The breach of the Note and Mortgage as well as the violations of Federal Law interfered with William R Miller to properly operate his business. Because US Bank felt that it could withdraw funds whenever it decided to (in violation of the note – see count 2) and because of the fiduciary duty that William R Miller has to protect the funds of his wards/beneficiaries he had to protect their funds by migrating their accounts to another bank. These actions consumed hours of attorney time that resulted in a loss of income;

**Count Four:** US Bank unilaterally changed the terms of the Mortgage and/or Note and improperly applied payments. This was a breach of the terms of the Mortgage and Note;

**Count Five:** William Miller requested a payment history, US Bank refused to provide this payment history. This is a violation of 12 USC 2605. This violation and the actions of US Bank caused damage to The Millers;

**Count Six:** William Miller was informed by US Bank that the telephone conversations were being recorded. Pursuant to 12 USC 2605 he requested copies of these conversations. US Bank refused to provide these copies in violation of 12 USC 2605 after William R Miller requested the same;

**Count Seven:** William Miller sent a list of request and issues to be addressed and corrected pursuant to 12 USC Section 2605(e). US Bank Failed to respond to these requests or address the complained about items;

**Count Eight:** On numerous occasions in violation of the terms of the note and mortgage US Bank would withdraw any funds from the Millers' joint checking account that it felt it could, on any time pattern that US Bank desired;

**Count Nine:** US Bank would not release a payoff figure in a reasonable amount of time resulting in various damages to the Millers – this is a further violation of the terms of the note and mortgage which resulted in damages as additional payments were made to US Bank and additional interest was charged by US Bank;

**Count Ten:** The actions of Defendants interfered with the normal husband wife relationship resulting in loss of consortium;

**Count Eleven:** US Bank violated Section 1024 of the Consumer Financial Protection Servicing Code on numerous occasions by failing to respond in the required time period to William Miller;

**Count Twelve:** US Bank failed to provide a payoff balance pursuant to 1026.36(C)(3);

**Count Thirteen:** US Bank violated 1024.36(a) for failure to provide transcripts or audio copies of recorded phone calls as well as a payment history;

A review of the above list shows that each count is different from and separate from, but reliant upon the other counts.

The Motion to Dismiss fails to take into account the first 61 allegations of the complaint which are individually incorporated into each Count.  Thus, the defendant attempts to persuade this Honorable Court to merely review each count individually without reference to the allegations contained throughout the remainder of the complaint.  Looking at each count in isolation does not provide the answer to the Motion. Each count is separate and distinct and each count relies on the other counts.

As is evidenced by the Motion to Dismiss and the fact that the Complaint even had to be filed, the Defendant quite frankly does not comprehend or understand what its duties are to the individuals it conducts business with.  The Defendant fails to recognize that for more than 17 months it wreaked havoc upon a business and the interpersonal relationship between a husband and wife and their other financial obligations causing irreparable damage.

### a.  THE MILLERS COUNTS ARE NOT DUPLICATIVE OR SUBSUMED BY OTHER COUNTS

The first section of the Defendant's Memorandum in Opposition states that Counts 1, 7, 11, and 13 should be dismissed because they are either duplicative of another Count or they are subsumed by another Count.  For clarity purposes the relation of each is outlined herein:

### i.  COUNTS 1,2,5, and 6 vs  COUNTS 11 and 13

Count 2 is different than Count 11 as Count 2 alleges that violations occurred and US Bank failed to correct or admitted the errors whereas Count 11 indicates that US Bank failed to respond to the Millers complaints within the required time period.  Each count has a different damage component.

Count 5 is differentiated from Count 13 as Count 5 indicates that Miller requested a payment history and US Bank refused to provide a payment history.  Count 13 is a claim that US Bank failed to respond within the required time period.  Each claim has a different damage component.

Count 6 is differentiated from Count 13 as Count 6 indicates that Miller requested copies of the recorded telephone conversations; whereas Count 13 is a cause of action for not responding within the time period required by the statute. Each claim has a different damage component.

### ii.   COUNT 1 IS NOT SUBSUMED by COUNT 2

The above "Table of Contents" (for lack of a better term) of claims provides a clear differentiation between Counts 1 and 2.  Both Counts 1 and 2 allege violations of 12 USC 2605 as well as a breach of the note and mortgage; however Count 2 adds the cause of action for improper administration of a mortgage.  Further, count two does not provide more detail, it alleges different violations:

Count One alleges that the creation of the escrow account and the increase in the monthly payment was a violation of 12 USC 2605 as well as the note and Mortgage.  Count two alleges three additional  breaches of the note and mortgage as well as three more violations of 12 USC 2605 **and** 5 allegations of improper administration of the mortgage.  Counts 2 and 1 are distinctly different.  Further, each violation has a different damage components.

### iii.   COUNT 7 IS NOT THE SAME AS COUNTS 1 AND 2

Counts 1 and 2 have already been differentiated, however Count 7 is not the same as Counts 1 and 2 as Count 7 alleges that US Bank failed to respond to the requests whereas Count

5

1 and 2 indicate that US Bank responded but failed to correct. Each claim has a different damage component.

### iv. COUNT 2 IS FURTHER DIFFERENTIATED FROM ALL OTHER COUNTS

Count 2 is further differentiated *vis a vis* the other Counts as it outlines a specific cause of action as it relates to the terms of the note.  Pursuant to the note which is attached to the Plaintiff's Complaint, the bank was only authorized to withdraw the regular monthly payment, which it did not and Miller complained and Defendants failed to address, correct and reimburse Miller for this breach and violation. (See Last Page of Note – entitled "AUTOMATIC WITHDRAW")

### b. COUNT ONE DOES NOT FAIL TO STATE A CLAIM

Count One as indicated above relates to the illegal creation of an escrow account. Defendant outlines two reasons why this Count should be dismissed: 1) the Millers did not allege that they complained about the creation of the escrow account; 2) the creation of an escrow account even if not provided by the mortgage does not violate RESPA.  The Defendant does not understand what Federal Law requires and what its obligations are under the terms of the Note and Mortgage.

First, the Millers' did complain about the creation of the Escrow account and they did allege that they communicated the complaint with US Bank.  The Millers could not possibly allege every detailed action of the Defendant over the seventeen month period and attach proof of the allegation thereof, that is not the purpose of a Complaint.  Further, the complaint is already extensive and contains more than 150 allegations.  Further, the Millers state in Paragraph 54, 60, 73, 94, 100-102, 109, 116, 141, and 150 that they complained to US Bank about the numerous

errors that US Bank had made. These allegations are sufficient as they are incorporated by reference and are sufficient allegations to cause Count One to survive.

Secondly, the Defendant misses the mark on their second argument. The Defendant states that the creation of an escrow account even if not provided by the mortgage does not violate RESPA. The Defendants obligations under the Note and Mortgage cannot be ignored. When the Millers took out the mortgage they **specifically** contracted for a Note and Mortgage which did not establish an escrow account. Attached to the Plaintiffs' complaint is a copy of the note and mortgage. Paragraph 19 of the Mortgage states: "ESCROW FOR TAXES AND INSURANCE. Unless otherwise provided in a separate agreement, Mortgagor will not be required to pay to Lender funds for taxes and insurance in escrow." Thus, according to the terms of the Mortgage the Millers were NOT required to pay to US Bank funds in escrow. Thus, when the Defendant states in its brief that "whether a servicer may establish an escrow account for the loan is a mater of determination by other Federal or State law." The "other State law" is the Note and Mortgage. The Millers pursuant to the terms of the not were not required to pay to US Bank any funds whatsoever for insurance and/or taxes. This issue is ripe for Summary Judgment in favor of the Millers and so are all damages, statutory and actual therefrom, there are not set of facts which could establish the dismissal of count one based upon the terms contained in the Mortgage document (which US Bank drafted).

Further, the act of receiving the funds that were intended for a payment toward the principal and interest and then placing those same funds in an escrow account which is not authorized is breach of contract, theft, and conversion as well as violations of 12 USC 2605 and 12 CFR 1204. Further, as a result of these actions, the funds were not used as intended which resulted in overpayments to US Bank, additional interest and all the damages complained of in

the Complaint.  In essence the State law which is invoked is *basic* contract law and tort law.  The actions were prohibited by the Note, the Millers complained, US Bank did not timely respond, and did not correct the problem.  The actions of US Bank then caused damages.

The fact that US Bank does not even recognize the terms in its own Note and that the Millers' specifically contracted for this term in the Note shows the incompetence that the Millers have been fighting against.

### c.  COUNT THREE DOES NOT FAIL TO PLEAD TORTIOUS INTERFERENCE

As seems to be the theme, the Defendant fails to comprehend what is being alleged.  It is true that the complaint does not allege the element of Tortuous Interference with a business relation.  However, this is not a failure on the part of the Plaintiff, it is a failure of knowledge on the part of the Defendant.  Count three contains two causes of action: 1) Tortuous Interference with Business Relation and 2) damages from breach of duty.  First, Defendant states that it is discussing tortuous interference with business relationship however, Defendant erroneously quotes the elements of Tortuous Interference with a contract.   Miller sufficiently alleged all elements of tortuous interference of a business relationship.  More important than that, the complaint is Millers allegation of damages resulting from the breach of multiple duties by US Bank.  US Bank was aware of Miller's circumstance as he outlined his situation to US Bank in a detailed letter to US Bank.   Miller informed US Bank that if their actions continued he would have no choice but to protect his wards/beneficiaries.  US Bank, as alleged throughout the complaint, failed to correct or even respond to Millers complaints.  As a result Miller had to expend time to protect his business relationships with his ward/beneficiaries.  Count Three specifically provides a cause of action: damages as a result of the breach of duties and contract as

8

well as tortuous interference with a business relationship – not tortuous interference with a contract.

### d.  PLAINTIFFS CONCURR WITH THE COUNT 9 AND 12 ANALYSIS

As originally written, the complaint Counts 9 and 12 cover the same cause of action.  The Plaintiff does not object to the dismissal of count 9. As both Counts 9 and 12 seek recovery for violations of 15 USC 1639 and damages under 15 USC 1640.  However, the allegations contained in Count 9 are still incorporated by reference to Count 12 (specifically the allegations relating to damages)

### e.  THE DETERMINATION OF STACY MILLER'S LOSS OF CONSORTIUM CLAIM IS NOT RIPE FOR DETERMINATION

Plaintiffs concur with the Defendant that the State of Ohio requires bodily injury as it relates to loss of consortium and further agree that the Plaintiffs did not allege bodily injury. (Count 10).

### IV.    CONCLUSION

This Honorable Court must overrule the Motions to Dismiss.  However, in the event that Counts 9 and 10 are dismissed (or any other count), the allegations contained in Counts 9 and 10 are still allegations of the complaint as these allegations are incorporated by reference to the remaining counts of the complaint.

Respectfully Submitted,

/s/ William R Miller
William R Miller (0068725)
111 W First Street, Ste 519
Dayton, Ohio 45402
937-222-1366
937-222-1399 (facsimile)
Wrm1107@roadrunner.com
Attorney for Plaintiffs William R. Miller
And Stacy A. Miller

9

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that on June 5, 2017, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss with the Clerk of Court using the court's electronic filing system which will send notification of such filing to all registered participants.

/s/ William R Miller
William R Miller