IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM R. MILLER and STACY A. MILLER, | ) ) ) |
| Plaintiffs, | ) Case No. 3:17-55 ) |
| v. | ) Judge Walter H. Rice ) |
| U.S. BANK, N.A. and U.S. BANK HOME MORTGAGE, | ) Magistrate Judge Michael J. Newman ) ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF U.S. BANK, N.A.'S MOTION TO DISMISS UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

U.S. Bank National Association ("U.S. Bank"), by and through the undersigned counsel, hereby respectfully presents this Reply Memorandum in support of its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

William and Stacy Miller's ("the Millers") response to U.S. Bank's Motion to Dismiss makes much about U.S. Bank's alleged confusion regarding the allegations of their complaint. They claim that U.S. Bank's motion must be denied because most of the various causes of action that U.S. Bank claims are duplicative are not, in fact, duplicative. Further, they claim that they have properly pleaded a claim for tortious interference with business relations, though they fail to list the elements of the tort. (*See* Millers' Resp., p. 8.)

Notably, the response, while long on argument, is short of law. As explained in U.S. Bank's underlying motion, and as expounded below, Counts One, Three, Seven, Nine, Ten, Eleven, and Thirteen should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] The Millers agree with U.S. Bank that Counts Nine and Twelve are duplicative and do not object to the dismissal of Count Nine (Resp., p. 9.) Similarly, the Millers concur with U.S. Bank that a loss of consortium claim requires

1

## I. THE MILLERS' RESPONSE ESTABLISHES THAT SOME OF THEIR COUNTS ARE DUPLICATIVE AND SUBSUMED BY OTHER COUNTS.

The Millers' thirteen-count complaint is repetitive and, as argued in U.S. Bank's underlying motion, contains numerous counts that are duplicative and subsumed by other counts. Specifically, Counts One, Seven, Eleven, and Thirteen are duplicative of Counts Two, Five and Six. In their response memorandum, the Millers helpfully restate what each count is attempting to allege to try to show that the counts are not duplicative and should not be dismissed. (*See* Resp., p. 3.) But their attempt to save those counts actually works against them.

For example, the Millers claim that Count One is not subsumed by Count Two. Count One, they say, is brought as a violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605 and breach of the mortgage contract for "(1) creating an escrow account; and (2) increasing the monthly payment." *Id.* The increase of the monthly payment is directly related to the creation of the escrow account. (Compl, ¶ 67) ("U.S. Bank . . . raised the monthly payment amount reflecting the payment of real estate taxes.") Count 2, the Millers allege, is also brought for an alleged violation of RESPA *and* a breach of the mortgage and note. But instead of limiting the count to the creation of the escrow account and resulting increase in the monthly payment, the Millers list four separate bases for the cause of action, *including* "creating an escrow arrangement where no escrow arrangement was authorized under the documents . . ." (Resp., p 3.) In other words, even under the Millers' summary of their causes of action, Count One is subsumed by Count Two and should be dismissed. The fact that Count Two includes additional allegations does not change the undisputed fact that both counts attempt to

---

bodily injury and that the complaint does not allege any such bodily injury. (*Id.*) Because there is no disagreement on those counts, they will not be addressed in this reply.

hold U.S. Bank liable for the creation of the escrow account. And the Millers' claim that both counts also include a breach of contract claim is wholly irrelevant.

U.S. Bank also argued that Count Seven is subsumed by Count Two. The Millers argue otherwise, claiming that Count Seven "alleges that US Bank failed to respond to the requests whereas Counts 1 and 2 indicate that US Bank responded but failed to correct." (Resp., p. 5-6.) But the language of the complaint belies that explanation. Count Seven claims that "[e]ach time William R. Miller sent these requests to US Bank . . . US Bank failed to *either* address the issues or respond in time." (Compl., ¶ 118 (emphasis added).) In other words, it claims that U.S. Bank violated RESPA both by failing to address the issues *and* failing to respond in time. And Count Two is alleging the same: it already re-alleges all the prior allegations of the complaint, including the allegation that "US Bank responded to each inquiry outside of the time period allowed for responses." (*Id*., ¶ 41.) And while it is not clearly stated, the Millers are claiming that it *also* is alleging that the errors were not properly corrected. Thus, they seek double relief by pleading the same cause of action twice.

Likewise, the Millers' summary of their complaint in their response establishes that Counts Eleven and Thirteen are already subsumed in earlier counts. The Millers claim that Count Eleven pleads a violation of 12 C.F.R. § 1024 for failing to timely respond to the Millers' various error notices and qualified written requests. (Resp., p. 3; Compl,. ¶ 141.) By the Millers' own estimation, Count Seven makes the identical claim. (Resp., p. 3) ("William Miller sent a list of request[s] and issues to be addressed and corrected . . . . US Bank [f]ailed to respond to these requests or address the complained about items.") And as Count Seven is subsumed by Count Two as explained above, Count Eleven is likewise subsumed and should be dismissed.

3

The Millers state that Count Thirteen claims a violation of RESPA for failing to provide transcripts or audio copies of recorded phone calls as well as a payment history. (Resp., p. 3.) But, by the Millers' own summary, this is subsumed by Count 5 ("William Miller requested a payment history, US Bank refused to provide a payment history") (*Id.*) and Count Six ("William Miller was informed by US Bank that the telephone conversations were being recorded . . . . [H]e requested copies of these conversations. US Bank refused to provide these copies . . .") (*Id.*) The Millers try to differentiate these counts by claiming that Count Five differs from Count Thirteen because Count 5 alleges that "US Bank refused to provide a payment history" whereas Count Thirteen alleges that "US Bank failed to respond within the required time period," (Resp., p. 5), but a review of the complaint proves this distinction false. Count Five pleads that "William R. Miller . . . requested a full payment history from US Bank . . . . [and] US Bank has . . . failed to provide this to William R. Miller." (Compl., ¶¶ 101-02.) Count Thirteen provides that "William R. Miller requested [a payment history and audio recordings] on numerous occasions . . . . At no time has US Bank provided any response . . . ." (Compl., ¶¶ 150-51.) In other words, both counts claim a failure to comply, not the naked refusal stated in the Millers' Response. Likewise, Count Six alleges that "William R. Miller made verbal requests for these same telephone conversations [and] US Bank . . . failed to respond to this request . . ." (Compl., ¶¶ 112-13.) Count Thirteen is nothing more than a re-alleging of what is already pleaded in Counts Five and Six. It should be dismissed pursuant to Rule 12(b)(6).

    The Millers' Complaint contains redundant counts that are subsumed by other counts. This Court should therefore dismiss Counts One, Seven, Eleven, and Thirteen pursuant to Rule 12(b)(6) for being duplicative of other counts within the complaint.

4

## II. ALTERNATIVELY, COUNT ONE DOES NOT STATE A CLAIM UNDER RESPA OR FOR BREACH OF CONTRACT.

The Millers' response attempts to defend Count One under two theories. First, they claim that the creation of the escrow account also constitutes a breach of contract, which is contained within the count. Second, they claim that there was a violation of RESPA because of the breach of contract. On both issues, the Millers are wrong.

First, to the extent that Count One can be viewed as a claim for breach of contract, it still fails to plead the alleged cause of action. To plead a breach of contract under Ohio law, the Millers would need to plead (1) a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 798 N.E.2d 1141, 2003-Ohio-5340, ¶ 27 (10th Dist.). Each element must be pleaded in the complaint to survive a motion to dismiss. *Lopez v. Robinson*, case no. 1:06cv154, 2007 WL 162490, *2 (S.D. Ohio Jan. 17, 2007) ("[T]o survive a 12(b)(6) motion, the complaint must contain the material elements of a breach of contract action."). And while Rule 9(c) of the Federal Rules of Civil Procedure provides that the Millers need only plead the performance of conditions precedent generally, they fail to do so. Nor do the Millers allege that they actually paid the real estate taxes prior to the escrow account being established—something that they were required to do under the terms of the mortgage. (Compl. at Ex. A, Mortgage, ¶ 7 ("Mortgagor will pay *all taxes* . . . relating to the Property when due.")) Even if Count One is attempting to plead a breach of contract, it fails to plead that claim.

And, as noted in U.S. Bank's initial motion, RESPA explicitly provides that the creation of an escrow account, when not provided for in the note and mortgage, is not governed by RESPA. 12 C.F.R. § 1024.17(c)(8). Admittedly, there could still potentially be a RESPA violation if a borrower provides a notice of error to a lender and the lender fails to respond or

correct the error. *See* 12 C.F.R. § 1024.35(b)(11); 12 U.S.C. § 2605(e)(2). But liability can only be incurred when the lender is provided notice and fails to respond or to correct the error—assuming that there is an error. 12 C.F.R. § 1024.35(e); 12 U.S.C. § 2605(f). The Millers simply fail to plead that this occurred. While their response cites to numerous paragraphs of the complaint to show that they made this complaint (Resp., p. 6), a review of the cited paragraphs shows that they never allege that they ever complained about this issue. And the Millers' argument that they pleaded general allegations regarding servicing errors to U.S. Bank is also insufficient. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulistic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 892, 906 (S.D. Ohio 2013) (conclusory allegations insufficient to sustain a cause of action when unsupported by facts). No RESPA violation is pleaded.

As Count One fails to plead a claim, it should be dismissed pursuant to Rule 12(b)(6).

### III. THE MILLERS FAIL TO PLEAD INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS BECAUSE THEY CANNOT SHOW THAT U.S. BANK INTENTIONALLY CAUSED A BREACH OF ANY RELATIONSHIP.

The Millers' defense of Count Three of their complaint claims that they successfully pleaded a claim for "1) Tort[i]ous Interference with Business Relations and 2) damages from breach of duty." (Resp., p. 8.) They further claim that U.S. Bank has confused tortious interference with contract and tortious interference with business relations.

Ohio courts closely link the torts of interference with business and contractual relations. *See Morrow v. Reminger Co., LPA*, 183 Ohio App.3d 40, 915 N.E.2d 696, 2009-Ohio-2665, ¶ 41 (10th Dist.) (citing *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283, 1995-Ohio 66, ¶ 16) ("The torts of interference with

business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another.") And the elements of a tort for interference with business relations are almost identical to interference with contract: "(1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Ginn v. Stonecreek Dental Care*, 30 N.E.3d 1034, 2015-Ohio-1600, ¶ 11 (12th Dist.).

    The Millers have failed to plead the elements of the stated cause of action. As noted in U.S. Bank's initial motion, the Millers fail to plead *any* facts showing that U.S. Bank intentionally caused a party to breach a contract with Miller. Nor does the complaint indicate that U.S. Bank intentionally caused a breach of any business relationship. And the Millers' Response fails to show otherwise. Instead, they claim to have sufficiently pleaded their cause of action because "US Bank was aware of Miller's circumstance . . . . [and] Miller informed US Bank that if their actions continued he would have no choice but to protect his wards/beneficiaries." (Resp., p. 8.) Because of U.S. Bank's alleged failures to "correct or even respond to Millers [sic] complaints . . . . Miller had to protect his business relationships [by presumably closing the accounts with U.S. Bank]." (Resp., p. 8.) And the complaint simply pleads that William Miller became concerned about the "safety of his practice of law and the safety of the individuals that he manages funds for . . . . [and therefore he] spent hundreds of hours . . . moving more than 80 accounts to another bank . . ." (Compl., ¶¶ 81-82.) These facts, even if true, are a far cry from U.S. Bank *intentionally* and *knowingly* causing a breach or termination of any business

7

relationship. Simply put, the Millers' complaint fundamentally fails to plead the asserted cause of action.

And the alleged second cause of action that the Millers' Response claims is contained in Count Three, "damages from breach of duty," is also not a cause of action. Damages, of course, are not a separate cause of action; rather, they are the amount awarded to a successful claimant to compensate for a proven injury or loss. *See* Black's Law Dictionary, 174, Bryan A. Garner, et al. eds., 3d Pocket Ed., 2006. And the Millers never identify the alleged breach of duty or what duty was owed—in fact, the terms "breach" and "duty" never even appear in Count Three of the complaint. (Compl, ¶¶ 78-86.)

Count Three does not plead any cause of action. It should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that this Court dismiss Counts One, Three, Seven, Nine, Ten, Eleven, and Thirteen of the Millers' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant all other appropriate relief.

Respectfully submitted,

/s/ Ryan A. Sawyer
Douglas R. Sargent (IL Bar No. 6290671)
dsargent@lockelord.com
Ryan A. Sawyer (IL Bar No. 6293696)
ryan.sawyer@lockelord.com
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0700


/s/ Drew H. Campbell
Drew H. Campbell (0047197)

                Noorjahan Rahman (0096038)
                Bricker & Eckler LLP
                100 South Third Street
                Columbus, Ohio 43215
                (614) 227-2300
                (614) 227-2390 (facsimile)
                dcampbell@bricker.com
                nrahman@bricker.com

                *Attorneys for Defendant U.S. Bank National Association*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2017, I electronically filed the foregoing Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss Pursuant to Rule 12(B)(6), with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all registered participants.

/s/ Ryan A. Sawyer
Ryan A. Sawyer