IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM R. MILLER and STACY A. MILLER, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 3:17-55 |
| | ) |
| v. | ) Judge Walter H. Rice |
| | ) |
| U.S. BANK, N.A. and U.S. BANK HOME MORTGAGE, | ) Magistrate Judge Michael J. Newman<br>)<br>) |
| Defendants. | ) |

**RULE 26(f) REPORT OF PARTIES**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 15, 2017, and was attended by:

   William R. Miller, appearing pro se and as counsel for Stacy A. Miller.

   Douglas Sargent, counsel for Defendant U.S. Bank National Association.

   Ryan A. Sawyer, counsel for Defendant U.S. Bank National Association.

2. The parties:

  _x_ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1),

including a medical package (if applicable).

____ will exchange such disclosures by _____.

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

  _x_ do not unanimously consent to the jurisdiction of the United States Magistrate

Judge pursuant to 28 U.S.C. § 636 (c).

_____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

    April 30, 2018.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:    March 15, 2018.

6. Recommended discovery plan:

a.    Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation,(2) prepare for case dispositive motions and (3) prepare for trial:

Correspondence between the parties, servicing notes, loan records, payment history, and Miller's medical records related to any alleged emotional distress damages.

b.    What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

None at this time.

c.    Additional recommended limitations on discovery:

None at this time.

d.    Recommended date for disclosure of lay witnesses.

October 2, 2017.

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2). Expert testimony is expected in the area of Mr. Miller's claim for alleged damages from emotional distress. No experts have been retained at this time. It is expected that experts will specifically be retained within the meaning of Fed. R. Civ. P. 26(a)(2)

f. Recommended date for making primary expert designations:

November 1, 2017.

g. Recommended date for making rebuttal expert designations:

December 15, 2017.

h. The parties have electronically stored information in the following formats:

The parties have agreed to exchange all discovery in PDF format.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

No issues have been identified. The parties have agreed to exchange discovery in PDF format.

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

Discovery may include the exchange of sensitive information (such as Mr. Miller's medical records) that the parties wish to keep confidential and subject to a protective order. The parties will present the Court with an agreed protective order.

Have the parties agreed on a procedure to assert such claims AFTER production?

_____ No

_____ Yes

\_\_x\_\_ Yes, and the parties ask that the Court include their

       agreement in an order.

j.    Recommended discovery cut-off date:    January 15, 2018, for fact discovery.
    March 1, 2018, for expert discovery.

6. Recommended dispositive motion date:  April 30, 2018.

7. Recommended date for status conference (if any): _____

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

The parties suggest a settlement conference after ruling on the current motion to dismiss.

9. Recommended date for a final pretrial conference:    November 1, 2018.

10. Has a settlement demand been made? Yes    A response? No

Date by which a settlement demand can be made: The parties prefer to keep this date open.

Date by which a response can be made: The parties prefer to keep this date open.

11. Other matters pertinent to scheduling or management of this litigation:

There is a motion to dismiss pending before the Court. The scheduling order may need to be adjusted depending on how and when the Court rules on the motion to dismiss.

Signatures:

Attorney for Plaintiffs:                    Attorneys for Defendant:

/s/ William R Miller                     /s/ Drew H. Campbell
William R. Miller                         Drew H. Campbell
(Ohio Bar No. 0068725)            (Ohio Bar No. 0047197)

                                         /s/ Douglas R. Sargent
                                         Douglas R. Sargent
                                         IL Bar No. 6290671)
                                         (admitted *pro hac vice*)

                                         /s/ Ryan A. Sawyer
                                         Ryan A. Sawyer
                                         IL Bar No. 6293696)
                                         (admitted *pro hac vice*)