IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM R. MILLER and STACY A. MILLER, 2595 Jade Pointe Court, Waynesville, Ohio 45068 <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, N.A. and U.S. BANK HOME MORTGAGE, <br><br> Defendants. | Civil Action No. 3:17-55 <br><br> Judge Walter H. Rice <br><br> Magistrate Michael J. Newman |

## AGREED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

The parties to this Agreed Order Pursuant to Federal Rule of Evidence 502(d) have agreed to the terms of this Order; accordingly, it is ORDERED:

(a) <u>No Waiver by Disclosure</u>. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information or a document in connection with the pending litigation that the Disclosing Party thereafter claims should have been withheld on the basis of a privilege, including, but not limited to the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b) <u>Notification Requirements; Best Efforts of Receiving Party</u>. A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing,

that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged in the form of a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5). [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.]

(c) <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within ten business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(d) <u>Use of Inadvertently Produced Privileged Documents Before Discovery or Notification of Disclosure</u>. If the substance of any Protected Information that is either conceded by the Parties or later determined by the Court to be privileged is discussed in a deposition or a pleading before discovery or notification of the disclosure, any party may seek an Order from the Court that such testimony or discussion shall be stricken and not used for any purpose. However, if the privilege designation is successfully challenged, then any party may use the prior testimony. If questioning regarding any Protected Information is prevented during a deposition on the grounds that the document is privileged, and it is later determined that the document is not privileged, then the witness who was prevented from testifying shall be made available to complete the deposition irrespective of any discovery deadlines that may have expired while the matter was being resolved, provided that such additional testimony shall be limited to the document(s) in question and any appropriate, related follow-up questioning, and the Receiving Party shall be free to seek any other relief that may be appropriate, including but not limited to costs for completing the deposition. As parties need to be able to prepare the case based on the discovery that is produced, if any Protected Information is used in any hearing, deposition, motion, or expert report, then any claim of inadvertent production must be made within ten business days of such use.

(d) <u>Stipulated Time Periods</u>. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

(e) <u>Attorney's Ethical Responsibilities</u>. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(f) <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

(g) <u>In camera Review</u>. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

(h) <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(i) <u>Rule 502(b)(2)</u>. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

Order by its terms.
So Ordered.

Dated: 8-18-17

                                                   UNITED STATES DISTRICT JUDGE

Agreed as to form:                                 Agreed as to form:

/s/William R. Miller                           /s/ Drew Campbell by /s/ Ryan Sawyer per e-mail authorization
Signature                                                 Signature

William R. Miller                              Drew Campbell
Printed Name                                     Printed Name

Counsel for: William and Stacy Miller      Counsel for: U.S. Bank National Association

Dated:                                              Dated: 8/15/2017