UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM R. MILLER, *et al.*,

    Plaintiffs,

vs.

U.S. BANK, N.A., *et al.*,

    Defendants.

Case No. 3:17-cv-55

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (DOC. 5) BE GRANTED IN PART AND DENIED IN PART

---

This civil case, brought against Defendants U.S. Bank, N.A. ("U.S. Bank") and U.S. Bank Home Mortgage ("Home Mortgage") is before the Court on Defendants'[2] Fed. R. Civ. P. 12(b)(6) partial motion to dismiss. Doc. 5. Plaintiffs filed a memorandum in opposition (doc. 9) and Defendants submitted a reply (doc. 10). The undersigned has considered all of the foregoing, and Defendants' motion is now ripe.

## I.

Plaintiffs, William and Stacy Miller (the "Millers"), a husband and wife, reside in a home in Waynesville, Ohio which, between June 2006 and August 2015, was subject to a mortgage held by U.S. Bank. Doc. 1 at PageID 1-2. Until approximately January 2014, Plaintiffs' mortgage was serviced by U.S. Bank itself. *Id*. at PageID 2-3. During the time the mortgage

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiffs allege that Home Mortgage is a subsidiary of U.S. Bank. Doc. 1 at PageID 3. In the motion to dismiss, counsel state that the motion is filed by U.S. Bank and make no reference as to whether it is also being filed on behalf of Home Mortgage. *See* doc. 5 at PageID 51. Because Home Mortgage has neither filed a separate Rule 12 motion nor filed an answer, the Court assumes that the motion to dismiss and reply were filed on behalf of both U.S. Bank and Home Mortgage. Absent such an assumption -- and the further assumption that Home Mortgage is a separate entity from U.S. Bank -- Home Mortgage would appear to be in default.

was serviced by U.S. Bank, payments were automatically deducted by U.S. Bank from Plaintiffs' separate U.S. Bank joint checking account. *Id*. at PageID 2. From February 2012 until January 2014, at U.S. Bank's request and with approval of Plaintiffs, U.S. Bank automatically withdrew payments from Plaintiffs' joint checking account on a bi-weekly basis and appropriately applied the withdrawn sums toward the principal and interest owed on the note. *Id*.

Beginning in January 2014, the relationship between the parties changed and soured. *Id*. Effective January 18, 2014, U.S. Bank transferred servicing of the mortgage to Home Mortgage. *Id*. at PageID 3. Plaintiffs allege that shortly thereafter, a number of errors and irregularities were made by both Defendants with regard to the administration and servicing of the mortgage. *Id*. at PageID 3-9. In a thirteen count complaint, they allege:

Count 1: Home Mortgage violated the terms of the note and mortgage (*i.e.*, breached the parties' agreements) by unilaterally creating an escrow account for the payment of taxes on the property. Doc. 1 at PageID 9-10. Plaintiffs further allege that such actions violated RESPA, 12 U.S.C. § 2605;

Count 2: The administration of the mortgage note by both Defendants was improper in that they, *inter alia*, failed to withdraw the correct amounts at the correct times for mortgage payments and improperly establishing an escrow account for the payment of property taxes. *Id*. at PageID 10-11. Plaintiffs allege that such improper administration violated 12 U.S.C. § 2605;

Count 3: Home Mortgage tortiously interfered with Plaintiff William Miller's ability to operate his law practice, resulting in Mr. Miller's decision to close a number of U.S. Bank accounts (including accounts he managed on behalf of his clients), and resulted in the loss of business (including the loss of at least one client);

Count 4: Home Mortgage improperly applied the incorrect amounts toward the principal and interest owed on the note, attempted to unilaterally change the provisions of the original note and, ultimately, charged interest on an incorrect principal balance;

Count 5: Home Mortgage violated 12 U.S.C. § 2605(e) by failing to provide a payment history as requested on numerous occasions;

Count 6: U.S. Bank recorded numerous phone conferences with William Miller between February 3, 2014 and August 2015, and violated 12 U.S.C. § 2605 by failing to provide copies of the telephone conference recordings after they were requested in writing and orally on numerous occasions;

Count 7: Home Mortgage violated 12 U.S.C. § 2605(e) by failing to respond at all, or within a reasonable time, to William Miller's inquiries regarding account errors;

Count 8: Home Mortgage, without notice or explanation, withdrew amounts from a separate checking account for mortgage payments at irregular intervals and made other changes to the mortgage account without notice or explanation. *Id*. at PageID 16-17. Because of Home Mortgage's conduct, Plaintiffs allege that they could not properly determine their correct mortgage balance at any time after January 21, 2014;

Count 9: Home Mortgage failed to respond to requests regarding the payoff amount of the mortgage, delaying Plaintiffs' ability to refinance their mortgage with another lender and causing them to pay additional amounts of interest to Home Mortgage;

Count 10: Defendants' conduct was such that it impacted "the normal husband-wife relationship" and, therefore, Stacy Miller alleges a claim for loss of consortium;

Count 11: U.S. Bank violated § 1024 of the Consumer Financial Protection Servicing Code ("CFSB");

Count 12: U.S. Bank's failure to provide an accurate mortgage payoff figure violates § 1026.36(c)(3) of the CFSB; and

Count 13: U.S. Bank violated § 1024.36(a) of the CFPB by failing to provide a payment history, as well as copies or transcripts of audio recorded phone conversations between the parties between January and February 2014.

*Id*. at PageID 3-20.

## II.

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**III.**

In their partial motion to dismiss, Defendants argue that: (1) many counts -- namely, Counts 1, 2, 5, 7, 11 and 13 -- are duplicative and merit dismissal on that basis; (2) Plaintiffs fail to state a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, in Count One of the complaint; (3) Plaintiffs fail to state a claim of tortious interference with a business relationship in Count Three of the complaint; (4) Count Nine, regarding the failure to provide a loan payoff amount, is inadequately plead; and (5) Stacy Miller's loss of consortium claim, pled in Count Ten, fails as a matter of law in the absence of an allegation of bodily injury to her husband. *Id*. at PageID 53-59.

In their memorandum in opposition, Plaintiffs agree that Counts Nine and Ten are subject to dismissal under Fed. R. Civ. P. 12(b)(6), but otherwise oppose Defendants' arguments. *Id*. at PageID 87. Based upon Plaintiffs' abandonment of Counts Nine and Ten, the undersigned recommends that Defendants' motion to dismiss be **GRANTED** with regard to Counts Nine and Ten. The Court will address the remainder of Defendants' arguments in turn.

### A. Duplicative Counts

Defendants move to dismiss a number of counts set forth in Plaintiffs' complaint alleging that those counts are duplicative. Doc. 5 at PageID 53-54. The undersigned concludes, procedurally, that Rule 12(f) is the proper Federal Rule of Civil Procedure for seeking dismissal of duplicative counts. Rule 12(f) states that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Generally, "[b]ecause striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). "In deciding whether to strike a pleading or portions thereof, courts should consider (1) whether the

material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-CV-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015). Finding the allegations -- duplicative or not -- bear relation to the controversy and that no prejudice will result from those allegations remaining in the complaint, Defendants' motion should be denied in this regard.

    **B.**    **RESPA**

As noted *supra*, Plaintiffs allege in Count One that Home Mortgage violated the terms of the note by unilaterally creating an escrow account for the payment of property taxes, thereby violating RESPA, 12 U.S.C. § 2605. Doc. 1 at PageID 9-10. Plaintiffs allege that the improper creation of the escrow account resulted in Home Mortgage withdrawing, without authorization, funds from their U.S. Bank checking account and/or failing to properly apply the withdrawn funds to the principal and interest owing on the note. *Id*. at PageID 10.[3]

Defendants move to dismiss Count One insofar as Plaintiffs allege that establishment of the escrow account violated RESPA. Doc. 5 at PageID 55. In support, Defendants cite RESPA regulations which state that, "[w]here [the mortgage loan] documents do not specifically establish an escrow account, whether a servicer may establish an escrow account for the loan is a matter for determination by other Federal or State law." 12 C.F.R. § 1024.17(e)(8). Plaintiffs cite no contrary authority in support of their proposition that the mere creation of the escrow account amounts to a violation of RESPA, and the Court finds no such authority. Accordingly, the undersigned recommends that the motion to dismiss be **GRANTED** in this limited regard,

---

[3] Plaintiffs point to the specific language of the mortgage agreement and note between the parties, which was attached to the Millers' complaint as an exhibit. Doc. 9 at PageID 85; *see also* doc. 1-1 at PageID 23-43. That agreement specifically states that "[u]nless otherwise provided in a separate agreement, Mortgagor will not be required to pay to Lender funds for taxes and insurance in escrow." Doc. 1-1 at PageID 28. In light of these allegations, the undersigned concludes that Plaintiffs adequately allege a breach of contract claim.

*i.e.*, to the extent Plaintiffs allege that the mere creation of an escrow account amounts to a RESPA violation.

Notably, Defendants do not address Plaintiffs' contention that the unauthorized withdrawal of funds from their U.S. Bank checking account to fund the escrow account amounts to a violation of RESPA. In light of the lack of argument and citation to authority on this point, the undersigned concludes that such a claim remains pending at this time subject to further argument of counsel at the summary judgment stage. Notably, in the absence of argument or citation set forth by the parties, the undersigned expresses no opinion at this time as to whether such conduct is or is not a RESPA violation.

In addition, Defendants agree that any failure on their part to respond or correct error concerning the creation of the escrow account may amount to a violation of RESPA. *See* doc. 10 at PageID 93. However, Defendants argue that Plaintiffs fail to adequately allege that they notified Defendants of errors in that regard. *Id*. The undersigned concludes that Plaintiffs sufficiently allege factual content upon which the Court can reasonably infer that they notified Defendants of the alleged escrow error and the improper withdrawal of money to fund the escrow. *See* doc. 1 at PageID 8 (alleging that, "[a]fter hundreds of phone calls, numerous letters and realizing that U.S. Bank Home Mortgage was going to rectify errors . . ."). Accordingly, Defendants' motion to dismiss should be **DENIED** in this regard.

    C.    **Tortious Interference**

"The elements of tortious interference with a business relationship are (1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Dolan v. Glouster*, 879 N.E.2d 838, 847 (Ohio Ct. App. 2007). In moving to dismiss Plaintiffs' tortious

interference claim, Defendants argue that Plaintiffs fail to allege facts to support the contention that Defendants intentionally interfered with any relationship. Doc. 5 at PageID 55-57.

The undersigned agrees with Defendants that Plaintiffs allege no facts upon which the Court can reasonably infer that they intentionally interfered with any business relationship between Plaintiff William Miller and his law clients. *See* doc. 1 at PageID 11-12. Instead, Plaintiffs allege that Defendants' incompetence in administering the mortgage led to Mr. Miller's loss of confidence in Defendants' ability to manage the accounts of his clients, for whom he acts as a fiduciary, representative payee, guardian, or manager of funds. *See* doc. 1 at PageID 7. Absent some factual averment regarding intentional conduct on the part of Defendants in interfering with a particular business relationship, Defendants' motion to dismiss should be **GRANTED** with regard to this claim.

## IV.

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' partial motion to dismiss (doc. 5) be **GRANTED IN PART** and **DENIED IN PART** as follows: (1) Counts Nine and Ten be dismissed; (2) Count One be **DISMISSED** to the limited extent that Plaintiffs contend that Defendants' creation of an escrow account violated RESPA; and (3) Court Three (tortious interference) be **DISMISSED**.

Date:   January 18, 2018                             s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).