## THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. MILLER and STACY A. MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17-55 |
| | ) | |
| v. | ) | Judge Walter H. Rice |
| | ) | |
| U.S. BANK, N.A. and U.S. BANK HOME MORTGAGE, | ) | Magistrate Judge Michael J. Newman |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

U.S. Bank National Association (also incorrectly named in the caption as U.S. Bank Home Mortgage),[1] by and through the undersigned counsel, for its answer and affirmative defenses to William and Stacy Miller's Complaint, states as follows:

1.      At all times relevant herein, William R. Miller and Stacy A. Miller resided at 2595 Jade Pointe Court Waynesville, Ohio 45068.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2.      At all times relevant herein, William R. Miller is an attorney practicing law d/b/a as the Law offices of William R. Miller at 111 W First Street, Ste 519, Dayton Ohio 45402.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

3.      At all times relevant herein, William R. Miller was married to Stacy A. Miller.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint.

---

[1]   U.S. Bank Home Mortgage is a division of U.S. Bank National Association.

4. At all times relevant herein, William R. Miller and Stacy A. Miller resided together at the subject property.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. On or about June 26, 2006 William R. Miller and Stacy A. Miller did execute a mortgage thereby becoming the Mortgagor and US Bank, National Association N.D. becoming the mortgagee with respect to the subject property. (Attached As Exhibit "A").

**RESPONSE:** Admitted.

6. On or about June 26, 2006 William R. Miller did execute a promissory note promising in exchange for the payment of $1,157.44 per month for 240 months, US Bank would provide William R. Miller $149,000.00 toward the payoff of a prior mortgage related to the subject property with payments beginning from William R. Miller to US Bank on August 7, 2006. (attached as Exhibit "B")

**RESPONSE:** U.S. Bank admits that William R. Miller executed a promissory note, a copy of which is attached as "Exhibit B" to his complaint. U.S. Bank admits that the promissory note was in the original principal amount of $149,000, with monthly installment payments of $1,157.44 and a term of 240 months. U.S. Bank denies that the entire $149,000 was for the payoff of a prior mortgage.

7. William R. Miller did receive the $149,000.00 toward the payoff of the original mortgage of the subject property and he did begin paying the monthly payments on August 7, 2006.

**RESPONSE:** U.S. Bank admits that William R. Miller received the $149,000 loan and that a portion of those funds were used to pay off the prior mortgage. U.S. Bank admits that William R. Miller began making monthly payments in or about August 2006, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the exact date that Miller tendered the August 2006 payment.

8. William R. Miller did make all monthly payments in the amount of $1,157.44 from August 7, 2006 through January 7, 2012.

**RESPONSE:** U.S. Bank admits that William R. Miller made his payments from August 6, 2006 through January 7, 2012.

9.     Beginning with the first payment on February 6, 2012 William R. Miller did set up bi-weekly payments in the amount of $578.72.

**RESPONSE:** Denied; the bi-weekly payments were set up starting with the January 7, 2012 payment.

10.     All payments were set up on automatic withdraws from William R. Miller and Stacy A. Miller's checking account at US Bank.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11.     William R. Miller did make all payments every other week in the amount of $578.72 resulting in 2 additional payments per year starting February 6, 2012 through January 21, 2014 through direct payments from his and his wife's US Bank Checking Account to the Mortgage.

**RESPONSE:** U.S. Bank admits that William R. Miller made his bi-weekly payments from February 6, 2012 to January 21, 2014.   U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the complaint.

12.     On or about December 19, 2013 US Bank, NA did send a notice to William R. Miller that it was transferring the servicing of the mortgage loan from US Bank, NA to US Bank Home Mortgage effective January 18, 2014. (Attached hereto as Exhibit "C").

**RESPONSE:** U.S. Bank admits the allegations of paragraph 12 of the complaint.

13.     All actions complained of herein are those of US Bank, N.A. and/or US Bank Home Mortgage. US Bank Home Mortgage is a subsidiary of US Bank, N.A. Any and all references to US Bank are to US Bank Home Mortgage and US Bank, N.A. individually and/or collectively.

**RESPONSE:** U.S. Bank admits that the complaint seeks to complain about the actions of U.S. Bank, but denies any implication that U.S. Bank is liable for any act. U.S. Bank denies

that U.S. Bank Home Mortgage is a subsidiary of U.S. Bank National Association, as U.S. Bank Home Mortgage is a division of U.S. Bank National Association.

14.    In the December 19, 2013 notice, US Bank represented that effective January 18, 2014 automatic payments would continue uninterrupted as previously set up.

**RESPONSE:** U.S. Bank admits to the authenticity of the attached "Exhibit C" and denies all allegations inconsistent with the language of that letter.

15.    This December 19, 2013 notice attempted to change the term of the note and the method in which payments were applied to the principal balance.

**RESPONSE:** U.S. Bank denies the allegations of paragraph 15 of the complaint.

16.    On January 21, 2014 a payment was withdrawn from the US Bank checking account in the amount of $578.72 to pay US Bank, not US Bank Home Mortgage. This payment was paid after the transfer of the Mortgage from US Bank to US Home Bank Mortgage and was never credited to the Mortgage Balance and was not returned to William R. Miller or Stacy A. Miller.

**RESPONSE:** U.S. Bank admits that a payment was made on January 21, 2014 and denies that this payment was never credited or returned to William R. Miller or Stacy A. Miller; the payment is reflected on U.S. Bank's payment history tendered to the Millers in discovery.

17.    The next scheduled payment was to be $578.72 on February 3, 2014.

**RESPONSE:** U.S. Bank admits the allegations of paragraph 17 of the complaint.

18.    The February 3, 2014 withdraw[al] from the US Bank checking account to the US Bank Home Mortgage never occurred.

**RESPONSE:** U.S. Bank admits that no withdrawal occurred nor was any payment made on February 3, 2014.

19.    The next scheduled payment was to be $578.72 on February 17, 2014.

**RESPONSE:** U.S. Bank admits that with bi-weekly payments, there would be a second payment due in the month of February 2014, in the amount of $578.72, but denies that it was scheduled to be withdrawn of February 17, 2014, because that date was a holiday.

20. The February 17, 2014 withdrawal from the US Bank checking account to the US Bank Home Mortgage never occurred.

**RESPONSE:** U.S. Bank admits that no withdrawal occurred nor was any payment made on February 17, 2014.

21. During the time period of January 21, 2014 to February 17, 2014 William R. Miller did initiate at least 5 phone calls with US Bank Home Mortgage to discuss why the payments of February 3, 2014 and February 17, 2014 were not being withdrawn.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

22. During this time period, on recorded telephone conversations, William R. Miller was informed that the:

a. US Bank Home Mortgage was experiencing computer problems and that as soon as the computer problems were rectified payments with begin again on March 3, 2014;

b. US Bank Home Mortgage would not charge late fees for this difficulty.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23. Based upon multiple telephone conferences with US Bank Home Mortgage, William R. Miller did not make funds available for the payment of the mortgage on the dates following February 14, 2014.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24. On February 18, 2014 despite the representations of US Bank Home Mortgage, a payment in the amount of $1,157.44 was attempted to be withdrawn from the checking account.

**RESPONSE:** U.S. Bank admits that a $1,157.44 was attempted to be withdrawn on February 18, 2014, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported representations made.

25. There were not sufficient funds in the checking account to cover this withdraw[al] due to the reliance on the representations of the US Bank Home Mortgage.

**RESPONSE:** U.S. Bank admits that the payment from February 18, 2014 was reversed for insufficient funds. U.S. Bank lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 25.

26. William R. Miller and his wife did not know that this transaction attempted to clear the checking account.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 26.

27. The February 18, 2014 payment in the amount of $1,157.44 was returned and the mortgage was not paid.

**RESPONSE:** U.S. Bank admits that the payment was reversed for insufficient funds and that Miller did not make a payment on February 18, 2014.

28. On February 19, 2014 despite the representations of US Bank Home Mortgage, a payment in the amount of $1,157.44 was attempted to be withdrawn from the checking account.

**RESPONSE:** U.S. Bank denies the allegations of paragraph 19 of the complaint.

29. On February 20, 2014 William R. Miller telephoned US Bank Home Mortgage and discussed these payments with an employee. During the conversation the employee stated that the withdraws were mistaken and that nothing harmful would happen to William R. Miller or his wife because of the failure of US Bank Home Mortgage to withdraw the proper amounts.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 29, except that it admits that there was a telephone inquiry regarding the payment draft on February 20, 2014.

30. On February 20, 2014 William R. Miller met with the Dayton Branch Manager of US Bank to discuss this issue. The branch manager attempted to determine what was happening, the branch manager informed William R. Miller that William R. Miller was late on his mortgage for failure to make a payment.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30.

31. On February 21, 2014, US Bank sent a letter to William R. Miller stating that there continued to be a delay in the ability of US Bank to withdraw the funds toward the payment

of the mortgage, confirming the conversations that William R. Miller had with US Bank Home Mortgage Employees between February 3, 2014 and February 17, 2014. (Attached as Exhibit "D").

**RESPONSE:** U.S. Bank admits to the authenticity of the document attached as "Exhibit

D" to the Millers' Complaint. U.S. Bank lacks knowledge or information sufficient to form a

belief as to the allegation that this document confirms any conversations between William R.

Miller and U.S. Bank.

32.     On February 21, 2014, the same date as the previous letter, US Bank Home Mortgage sent a letter to William R Miller stating that a payment had been refused and that $335.37 was due and owing to US Bank Home Mortgage and further that the next payment was due on February 18, 2014 (three days in the past). This was the first notice that William R. Miller received that any payment schedule had changed and the notice was retroactive. (Attached as Exhibit "E").

**RESPONSE:** U.S. Bank admits to the authenticity of the document attached as "Exhibit

E" to the complaint, states that it speaks for itself, and denies any allegation that contradicts the

language of that document.

33.     After February 21, 2014 William R. Miller began receiving harassing, threatening and embarrassing debt-collection telephone calls at his place of employment and on his cell phone.

**RESPONSE:** Denied.

34.     On March 3, 2014, US Bank Home Mortgage withdrew the sum of $167.69 toward the payment of the mortgage.

**RESPONSE:** Admitted.

35.     On March 12, 2014 US Bank Home Mortgage withdrew the sum of $335.37 toward the payment of the mortgage.

**RESPONSE:** U.S. Bank denies the allegations of paragraph 35 of the complaint, but

states that an online payment in the amount of $335.37 was made on March 12, 2014.

36.     On March 17, 2014 US Bank Home Mortgage withdrew the sum of $578.72 toward the payment of the mortgage.

**RESPONSE:** Admitted.

37.    From March 17, 2014 to February 17, 2014 US Bank Home Mortgage properly withdrew the proper amount of $578.72 every other week.

**RESPONSE:** Assuming that the Millers intended to reference "March 17, 2014 to February 17, **2015**," U.S. Bank admits the allegations of this paragraph.

38.    From March 17, 2014 to February 17, 2014 US Bank Home Mortgage did not properly apply the payments toward the mortgage; however, the payments were held in "suspense" until a full payment was received, in violation of the terms of the note and in furtherance of the attempted change in the terms of the note referenced in the December 19, 2013 notice.

**RESPONSE:** Assuming that the Millers intended to reference "March 17, 2014 to February 17, **2015**," U.S. Bank denies that it did not properly apply the payments to the mortgage and denies that holding an item in suspense violates the terms of the note or that it attempted to change the terms of the note. U.S. Bank admits that payments were held in suspense until a full payment was received.

39.    During this entire time period William R. Miller received harassing, threatening and embarrassing debt collecting telephone calls at his place of employment and on his cell phone.

**RESPONSE:** Denied.

40.    During this entire time period and pursuant to Federal Laws regarding the Administration of Mortgages, William R. Miller sent written requests for the issue to be reviewed and corrected on:

a.     May 14, 2014;

b.     March 10, 215;

c.     May 13, 2015; and

d.     July 20, 2015.

**RESPONSE:** U.S. Bank admits that it received letters from Miller but lacks knowledge or information sufficient to form a belief as to the date that the letters were sent. Further, Miller did not date each of the letters that he purportedly sent. U.S. Bank lacks knowledge or

8

information sufficient to form a belief as to the allegation that the letters requests that "the issue" to be reviewed and corrected because the term "the issue" is undefined and vague.

41.     US Bank responded to each inquiring [sic] outside of the time period allowed for responses.

**RESPONSE:** Denied.

42.     William R. Miller requested that US Bank rectify this issue quickly and swiftly so that the mutually beneficial relationship that he had established with US Bank would not have to be terminated.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegation that William R. Miller requested that "this issue" be quickly and swiftly rectified because the term "this issue" is undefined and vague. Further, U.S. Bank denies that William R. Miller requested that anything be rectified quickly to avoid terminating his relationship with U.S. Bank as his correspondence indicates that he was already in the process of moving his accounts to another bank before his first letter was sent.

43.     US Bank failed to address all concerns of William R. Miller for more than 1 year.

**RESPONSE:** Denied.

44.     As a part of the law office practice of William R. Miller he is the Federal Fiduciary, Representative Payee, Guardian or manager of funds of more than 60 individuals in the Montgomery County (OHIO) Area.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 44 of the complaint.

45.     William R. Miller receives more than $88,000.00 per month in income for these individuals and expends these funds on their behalf.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 45 of the complaint.

46.     William R. Miller had set up and established more than 80 accounts with more than $1.5 million dollars at the Dayton US Bank Branch.

89314055v.3

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 46 of the complaint.

47.     As a direct result of the actions of US Bank Home Mortgage, William R. Miller was concerned about the ability of US Bank to manage the accounts of William R. Miller's wards/beneficiaries.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 47 of the complaint.

48.     In particular, William R. Miller was concerned that US Bank would treat his wards/beneficiaries in the same manner in which he has been treated and therefore was required to establish a new banking relationship with another bank.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 48 of the complaint.

49.     William R. Miller has been forced to expend hundreds of hours meeting at both banks to close/open accounts, order checks and set up new payment policies.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 49 of the complaint, except that U.S. Bank denies that William R. Miller was "forced" to expend hundreds of hours do anything because of any action of U.S. Bank.

50.     William R Miller has lost clients and potential business due to the actions of US Bank.

**RESPONSE:** Denied.

51.     In January/February 2015, William R. Miller received a notice that US Bank had paid outstanding real estate taxes and US Bank Home mortgage had established an escrow account.

**RESPONSE:** U.S. Bank admits that it paid outstanding real estate taxes on the mortgaged property and established an escrow account. U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegation of when William R. Miller received a notice.

89314055v.3

52.     In January/February 2015, William R. Miller received a notice that beginning with the bi-weekly payment on March 16, 2015 the payment had been increased to $989.49.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 44 of the complaint because it lacks knowledge or information sufficient to admit or deny when William R. Miller received a notice.

53.     Apparently beginning in the summer of 2014; US Bank Home Mortgage began paying the real estate taxes on the subject property, this was not the case prior and no funds had ever been escrowed.

**RESPONSE:** U.S. Bank denies that it began paying real estate taxes in the summer of 2014. U.S. Bank admits that there was not an escrow account prior to 2015.

54.     After hundreds of phone calls, numerous letters and realizing that US Bank Home Mortgage was not going to rectify the errors and after US Bank Home Mortgage failed to respond to the notice of error of William R Miller's May 15, 2015 within the required legal time period, William R. Miller proceeded to refinance his mortgage with a different loan company.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegation that William R. Miller proceeded to refinance his mortgage with a different loan company, but admits that its mortgage loan was paid off in 2015. U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegation that William R. Miller "realized" that it was not going to rectify the purported errors, denies any implication that it did not rectify any purported errors, and denies any implication that it failed to comply with any statute or regulation.

55.     William R. Miller and Stacy A. Miller closed on a loan on August 11, 2015.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 55 of the complaint.

56.     The refinance of the loan cost William R. Miller $7,325.56.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 56 of the complaint.

89314055v.3

57.     William R. Miller was required with the new mortgage to obtain Purchase Mortgage Insurance, which he previously did not have in the amount of $72.34 per month for 360 months.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 57 of the complaint.

58.     William R. Miller due to the amount of stress resulting from the actions and/or inactions of US Bank Home Mortgage started suffering from anxiety-type symptoms and an increased amount of stress wherein he began to lose sleep due to worrying about the ability to pay the mortgage, the impact of moving his business to another bank and the loss of clients.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 58 of the complaint.

59.     William R. Miller due to the actions of US Bank Home Mortgage sought medical treatment and counseling for the emotional impact of the actions of US Bank.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 59 of the complaint.

60.     US Bank finally admitted the errors that it had been made in a letter dated July 21, 2015.

**RESPONSE:** U.S. Bank admits that it sent William R. Miller a letter on July 21, 2015, states that the letter speaks for itself, and denies the implication that U.S. Bank had failed to previously correct any purported errors regarding the account.

61.     William R. Miller had spent nearly 17 months attempting to have US Bank rectify these issues.

**RESPONSE:** U.S. Bank admits that there were 17 months between February 2014 and July 2015, but denies that William R. Miller spent 17 months attempting to have U.S. Bank rectify any purported error with the loan.

62.     US Bank, prior to July 21, 2015, had responded on at least 3 occasions in writing and more than 20 occasions via telephone that William R. Miller had made the error and not US Bank.

89314055v.3

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the phone calls between the parties prior to July 21, 2015. U.S. Bank admits that there were multiple letters from U.S. Bank to Miller, but denies the implication that those letters were inaccurate or that it had not previously corrected any purported error.

## COUNT ONE

63.     Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-62 as though stated fully herein.

64.     US Bank Home Mortgage under the terms of the note and mortgage was not permitted to escrow any payments that it made toward the alleged protection of the subject property.

**RESPONSE:** U.S. Bank denies the allegation of this paragraph. While the note and mortgage did not establish an escrow account, the Millers' breach of those documents by failing to timely pay taxes on their property allowed U.S. Bank to pay those taxes and charge the Millers for the taxes advanced by U.S. Bank.

65.     US Bank Home Mortgage did pay real estate taxes to the Warren County Treasurer.

**RESPONSE:** U.S. Bank admits U.S. Bank paid real estate taxes to the Warren County Treasurer.

66.     US Bank Home Mortgage unilaterally and in violation of the terms of the note and mortgage established an escrow account.

**RESPONSE:** U.S. Bank admits that an escrow account was established, but denies that this was in violation of the terms of the note and mortgage as explained in its answer to paragraph 64 of the complaint.

67.     US Bank Home Mortgage unilaterally and in violation of the terms of the note and mortgage raised the monthly payment amount reflecting the payment of real estate taxes.

**RESPONSE:** U.S. Bank admits that the monthly payment increased because of the Millers' breach of the terms of the note and mortgage, but denies that U.S. Bank violated the terms of the note and mortgage as explained in U.S. Bank's answer to paragraph 64 of the complaint.

68.     The actions of US Bank Home Mortgage damaged William R. Miller by causing additional funds to be withdrawn from the checking account, thereby limiting his ability to pay expenses for his life, his family and business. These actions resulted in emotional distress to William R.. Miller and the ability of his law practice to operate solvently.

**RESPONSE:** Denied.

69.     The actions of US Bank Home Mortgage are in violation of 12 U.S.C. Section 2605 and William R. Miller is entitled to all damages resulting therefore and granted thereunder.

**RESPONSE:** Denied.

70.     The actions of US Bank Home Mortgage caused William R. Miller and Stacy A. Miller to have to refinance the mortgage resulting in additional costs and an increased loan balance.

**RESPONSE:** Denied.

## COUNT TWO

71.     Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-70 as though stated fully herein.

72.     US Bank failed to properly administer the mortgage of William R. Miller and Stacy A. Miller and the note thereof as follows:

a.     US Bank Home Mortgage failed to properly withdraw the correct amounts on the dates due as outlined above;

b.     US Bank Home Mortgage failed to properly apply the mortgage payments by holding payments "in suspense" until "full payment was received;"

c.     US Bank Home Mortgage established a[n] escrow relationship wherein such a relationship was not permitted;

d.     US Bank Home Mortgage failed to correct its errors;

**RESPONSE:** U.S. Bank admits paragraph 72.a in that in February 2014, its system failed to withdraw the scheduled payments. U.S. Bank denies that it failed to properly apply mortgage payments, denies that the creation of an escrow account constitutes a failure to properly administer the account or that such an account was not permitted, and denies that any purported error was not corrected.

73.     US Bank Home Mortgage admitted all of these errors.

**RESPONSE:** Denied.

74.     The foregoing actions of US Bank Mortgage resulted in an incorrect balance each day beginning on February 3, 2014 until the mortgage was paid off as interest was improperly applied to a too large of a balance.

**RESPONSE:** Denied.

75.     The actions of US Bank Home Mortgage damaged William R. Miller by causing additional funds to be withdrawn from the checking account, thereby limiting his ability to pay expenses for his life, his family and business. These actions resulted in emotional distress to William R. Miller and the ability of his law practice to operate solvently.

**RESPONSE:** Denied.

76.     The actions of US Bank Home Mortgage are in violation of 12 U.S.C. Section 2605 and William R. Miller is entitled to all damages resulting therefore and granted thereunder.

**RESPONSE:** Denied.

77.     The actions of US Bank Home Mortgage caused William R. Miller and Stacy A. Miller to have to refinance the mortgage resulting in additional costs and an increased loan balance.

**RESPONSE:** Denied.

## COUNT THREE

78.     Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

89314055v.3

79.     US Bank Home Mortgage interfered with William R. Miller's ability to operate his law practice.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

80.     US Bank Home Mortgage caused William R. Miller to become concerned with the ability of US Bank to properly manage the accounts of his wards/beneficiaries as US Bank was withdrawing funds that it felt it could in violation of legal documents.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

81.     William R. Miller for the safety of his practice of law and the safety of the individuals that he manages funds for had to close accounts at US Bank and move them to another bank.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

82.     William R. Miller spent hundreds of hours accomplishing the task of moving more than 80 accounts to another bank and establishing payment arrangements and bill pay services with each of these individuals.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

83.     The actions of US Bank Home Mortgage limited William R. Miller from obtaining new clients.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

84.     The actions of US Bank Home Mortgage interfered specifically with the ability of William R. Miller to obtain one client.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the

Court's order of February 2, 2018.

85.     The actions of US Bank Home Mortgage caused the loss of income for the time spent moving the accounts and setting up new billing/paying methods.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

86.     These actions resulted in emotional distress to William R. Miller and the ability of his law practice to operate solvently.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

## COUNT FOUR

87.     Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-86 as though stated fully herein.

88.     The note originally executed by William R Miller on page 3 states: "Each payment I make on this loan will be applied... as follows to: (1)...insurance...;(2)accrued interest; (3) principal (as explained below); (4) charges other than interest or principal, if any; and (5) principal." And "I may prepay this loan in whole or in part at any time."

**RESPONSE:** Admitted.

89.     The December 19, 2013 notice from US Bank Home Mortgage attempted to amend the provisions quoted in the allegation above.

**RESPONSE:** Denied.

90.     The December 19, 2013 notice from US Bank Home Mortgage states: "Partial Payments are held and not applied to the account until the full scheduled payment amount is received. A detailed letter will be provided at a later time with additional information."

**RESPONSE:** Admitted.

91.     From January, 2014 until the mortgage as refinanced in August 2015, US Bank Home Mortgage improperly held mortgage payments until the full payment was received.

**RESPONSE:** Denied.

92.     As a result of US Bank Home Mortgage holding payments until the full payment was received interest continued to accumulate, this inflated the principal balance.

**RESPONSE:** Denied.

93. As a result of interest accumulating each day until the full payment was received (as William R. Miller was on a bi-weekly payment schedule) each month interest charged upon the principal balance was incorrect.

**RESPONSE:** Denied.

94. William R. Miller expressed this problem to US Bank Home Mortgage on multiple occasions.

**RESPONSE:** U.S. Bank admits that Miller wrote letters to U.S. Bank complaining about various "problems", but denies that there was any "problem" or error, or to the extent that there was an error, U.S. Bank states that it resolved any such error.

95. As a result of US Bank Home Mortgage unilaterally attempting to change the terms of the note the amount of the mortgage was inflated.

**RESPONSE:** Denied.

96. As a result of the actions of US Bank Home Mortgage, US Bank Home mortgage has been over paid in the form of interest payments.

**RESPONSE:** Denied.

97. As a result of the actions of US Bank Home Mortgage, the amount William R. Miller had to refinance was overstated and US Bank Home Mortgage received too much money as a full and final payoff.

**RESPONSE:** Denied.

## **COUNT FIVE**

98. Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-98 as though stated fully herein.

99. The notice from US Bank Home Mortgage on December 19, 2013 stated that William R. Miller would receive a payment history prior to the new account being set up.

**RESPONSE:** Denied.

100. William R. Miller never received a payment history.

**RESPONSE:** Denied.

101.    William R. Miller on four occasions requested a full payment history from US Bank Home Mortgage going back to the original inception date.

**RESPONSE:** Denied.

102.    US Bank Home Mortgage has in violation of 12 U.S.C. Section 2605 (e) (1)(A) failed to provide this to William R. Miller.

**RESPONSE:** Denied.

103.    Pursuant to the provisions of 12 U.S.C. Section 2605 William R. Miller is entitled to all damages provided under that section resulting from or related to the failure of US Bank to address this request, in an amount equal to or in excess of $1,000.00 per item requested that was not provided or responded to.

**RESPONSE:** Denied.

104.    As a result of US Bank's failure to provide this requested information, William R. Miller does not know if the beginning amount of the mortgage account with US Bank Home Mortgage is correct.

**RESPONSE:** Denied.

105.    As a result of the actions of US Bank Home Mortgage, US Bank Home mortgage has been over paid in the form of interest payments.

**RESPONSE:** Denied.

106.    As a result of the actions of US Balk Home Mortgage, the amount William R. Miller had to refinance was overstated and US Bank Home Mortgage received too much money as a full and final payoff.

**RESPONSE:** Denied.

107.    Not knowing this vital piece of information has caused emotional distress to William R. Miller as he has had to refinance his mortgage not knowing if the beginning amount was correct.

**RESPONSE:** Denied.

## COUNT SIX

108.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-107 as though stated fully herein.

89314055v.3

109.     William R. Miller had telephone conferences with multiple US Bank employees covering the time period of February 3, 2014 to the eventual refinance of his mortgage in August of 2015.

**RESPONSE:** U.S. Bank admits that there were telephone conversations between U.S. Bank employees and someone associated with the Loan, but lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 109 of the complaint.

110.     US Bank notified William R. Miller that these telephone conferences were being recorded.

**RESPONSE:** Admitted.

111.     William R. Miller on at least 4 occasions requested in writing digital or other forms of copies of these telephone conversations pursuant to 12 U.S.C. Section 2605.

**RESPONSE:** Denied.

112.     William R. Miller made verbal requests for these same telephone conversations.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 112 of the complaint.

113.     US Bank Home Mortgage failed to respond to this request in direct violation of 12 U.S.C. Section 2605(e).

**RESPONSE:** U.S. Bank denies that any action it took violated 12 U.S.C. § 2605(e), but cannot respond to this allegation further because it is unclear what "this request" means.

114.     As a result of US Bank Home Mortgage's actions and/or in actions William R. Miller is entitled to damages under 12 U.S.C. Section 2605(e) including but not limited to all damages alleged herein and including $1,000.00 per violation of 12 U.S.C. Section 2605(e).

**RESPONSE:** Denied.

## COUNT SEVEN

115.     Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-114 as though stated fully herein.

89314055v.3

116.    William R. Miller sent to US Bank Home Mortgage a list of requests and issues to be addressed and Corrected.

**RESPONSE:** U.S. Bank admits that it received various correspondence from William R.

Miller purporting to identifying various  issues and making various requests.

117.    Each time William R. Miller sent these requests to US Bank Home Mortgage pursuant to 12 U.S.C. Section 2605(e), US Bank Home Mortgage failed to either address the issues or respond in time.

**RESPONSE:** Denied.

118.    William R. Miller, as a result of the actions and/or inactions of US Bank Home Mortgage is, pursuant to 12 U.S.C. Section 2605 (e) entitled to all damaged alleged herein and $1,000.00 per requested item that was not address within the time period prescribed, not responded to or not addressed at all.

**RESPONSE:** Denied.

## COUNT EIGHT

119.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-118 as

though stated fully herein.

120.    From the inception of the mortgage until January 21, 2014, each monthly payment (in the beginning) and each bi-weekly payment (after such payment schedule was established by William R. Miller) was withdrawn by US Bank as required under the terms of the mortgage as expected and as contracted for.

**RESPONSE:** U.S. Bank admits that monthly payments and/or biweekly were made from

the inception of the loan through January 21, 2014 by Miller.

121.    Beginning with the servicing of the mortgage by US Bank Home Mortgage and after January 21, 2014, payments and transactions would occur without notice to William R. Miller, without explanation to William R. Miller and without consent of William R. Miller.

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to

the allegations of paragraph 121 of the complaint.

122.    The actions of US Bank Home Mortgage establish a clear pattern of failure to properly administer and service the mortgage.

**RESPONSE:** Denied.

123.    As a result of the actions of US Bank Home Mortgage William R. Miller never knew what had happened what was going to happen or what could happen to his mortgage and or his and his wife's checking account at US Bank.

**RESPONSE:** Denied.

124.    On numerous occasions after January 21, 2014, random amounts were withdrawn in direct conflict with letters and statements from US Bank employees.

**RESPONSE:** U.S. Bank admits that in March 2014, its system inadvertently withdrew the incorrect (i.e., an insufficient) amount of payment from William R. Miller's account. U.S. Bank lacks knowledge or information sufficient to form a belief as to whether any withdrawal contradicted any statement from any employee of U.S. Bank, and denies this allegation to the extent it contradicts that statement.

125.    On numerous occasion[s] transactions occurred not in a bi-weekly manner.

**RESPONSE:** Denied.

126.    On numerous occasions "internal" transactions occurred on the mortgage account within US Bank Home Mortgage's control that had no explanation and no notice prior to the transaction.

**RESPONSE:** Denied.

127.    As a result of the actions of US Bank Home Mortgage, William R Miller had no knowledge of the true and accurate balance of his mortgage at any time after January 21, 2014 (or potentially before due to the failure of US Bank and US Bank Home Mortgage to provide the loan history).

**RESPONSE:** U.S. Bank lacks knowledge or information sufficient to form a belief as to the allegation that William R. Miller had no knowledge of the balance on his mortgage account after January 21, 2014, but denies that his lack of knowledge is a result of any action of U.S. Bank.

128.    As a result of these actions William R. Miller suffered severe emotional distress not knowing the full amount of the mortgage and not knowing on which days what would occur and if US Bank would or would not ever rectify their errors.

89314055v.3

**RESPONSE:** Denied.

## COUNT NINE

129.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

130.    Due to the actions outlined in this complaint and the damages caused to William R. Miller, economically and emotionally, William R. Miller attempted to refinance with another bank.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

131.    When the new bank was ready to proceed with closing US Bank Home Mortgage on numerous occasions would not respond to the new bank with a payoff figure.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

132.    As a result of US Bank Home Mortgage's actions William R. Miller had to pay additional interest to US Bank Home Mortgage.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

133.    As a result of US Bank Home Mortgage's action William R. Miller had to make an additional unnecessary payment to US Bank Home Mortgage.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

134.    As a result of US Bank Home Mortgage's actions William R. Miller was without $1,049.00 for 30 days.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

89314055v.3

135.    As a result of US Bank Home Mortgage's actions William R. Miller suffered additional emotional distress not knowing when and if US Bank would ever release a payoff amount to the new bank.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

## COUNT TEN

136.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

137.    As a result of all of the actions contained herein, Stacy A. Miller was damaged in the form of the loss of consortium of her husband for a period of time exceeding 1 year.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

138.    The actions of US Bank interfered with the normal husband-wife relationship.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

139.    As a result of US Bank Home Mortgage's actions Stacy A. Miller is entitled to damages for loss of consortium of her husband.

**RESPONSE:** U.S. Bank provides no answer to this Count as it was dismissed in the Court's order of February 2, 2018.

## COUNT ELEVEN

140.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-140 as though stated fully herein.

141.    William R. Miller did submit a notice of error and/or a qualified written request to US Bank on numerous occasions pursuant to federal law including and not limited to Section 1024 of the Consumer Financial Protection Servicing Code.

89314055v.3

**RESPONSE:** U.S. Bank admits that it received various letters from William R. Miller that purported to be notifications of error and/or qualified written requests and denies the allegation to the extent that there is any implication that those notices were sufficient.

142.    US Bank on each occasion failed to:

a.    Respond with in 5 days acknowledging receipt of the request for information and/or notice of error;

b.    Within 30 to 45 days correct the error or provide the plaintiffs with written notification of the correction or conduct an investigation and provide the plaintiff with notification that no error occurred;

c.    Within 30 to 45 days provide the information to William R. Miller that was requested.

**RESPONSE:** Denied.

143.    The actions in violation of Section 1024 of the CFSB [sic] servicing guide and other federal laws caused damage to William R. Miller and his wife as throughout this complaint.

**RESPONSE:** U.S. Bank denies that any of its actions violated RESPA or its implementing regulations and further states that if there were technical violations of RESPA or its implementing regulations, Miller was not harmed by those technical violations and is not entitled to any damages.

## COUNT TWELVE

144.    Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-143 as though stated fully herein.

145.    Due to the actions of US Bank as alleged herein William R Miller was required to refinance his mortgage with another company.

**RESPONSE:** U.S. Bank denies that any action of U.S. Bank "required" William R. Miller to refinance his mortgage with another company.

146.    The new mortgage company requested payoff balances from US Bank.

**RESPONSE:** Admitted.

147. In violation of Section 1026.36(c)(3) US Bank failed to provide William R. Miller and/or the new mortgage company (at Plaintiff's request) an accurate payoff balance.

**RESPONSE:** Denied.

148. The actions in violation of Section 1026 of the CFSB [sic] servicing guide and other federal laws caused damage to William R. Miller and his wife as outlined throughout this complaint.

**RESPONSE:** Denied.

## COUNT THIRTEEN

149. Plaintiff re-avers and re-alleges all allegations contained herein.

**RESPONSE:** U.S. Bank re-states and re-alleges its answers to paragraphs 1-148 as though stated fully herein.

150. Pursuant to CFSB [sic] Section 1024.36(a) William R. Miller requested on numerous occasions:

  a.   Audio copies and/or transcripts of telephone conversations held between him and US Bank employees during the months of January and February 2014;

  b.   A payment history of this loan beginning at the inception of the original mortgage with US Bank before the transfer to US Bank Mortgage;

**RESPONSE:** Denied.

151. At no time has US Bank provided any response to the two requests for audio copies and/or transcripts of telephone conversations held between him and US Bank Employees nor a payment history of the loan with US Bank;

**RESPONSE:** Denied.

152. At no time has US Bank provided an explanation as to the investigation into and the failure to find information regarding either of these items;

**RESPONSE:** Denied.

153. The actions of US Bank are a direct violation of the CFPB servicing guide section 1024.36(a).

**RESPONSE:** Denied.

89314055v.3

154. The violations of section 1024.36(a) of the CFPB caused damages to William R. Miller and his wife as outlined throughout this complaint.

**RESPONSE:** Denied.

For the foregoing reasons, U.S. Bank requests that this Court enter judgment in its favor, and for all other relief that is appropriate and just.

### AFFIRMATIVE DEFENSES

1. **Laches.** The Millers' purported issues with U.S. Bank allegedly started in early 2014. But, even though his loan was refinanced with another company in mid-2015, the Millers waited until February 2017, at the eve of the expiration of the statute of limitations, to file their complaint. This delay prejudices U.S. Bank because certain evidence is no longer available that would otherwise have been retained had the complaint been filed earlier.

2. **Statute of Limitations**. RESPA provides a 3-year statute of limitations for alleged violations of 12 U.S.C. § 2605. The issues giving rise to the Millers' purported RESPA § 2605 claim occurred more than 3 years before the complaint was filed.

3. **Bona fide error**. Any violation of RESPA was the result of a bona fide error by U.S. Bank employees despite the existence of proper policies and procedures to ensure compliance with the statutes and their implementing regulations.

For the foregoing reasons, U.S. Bank requests that this Court enter judgment in its favor, and for all other relief that is appropriate and just.

Respectfully submitted,

/s/ Ryan A. Sawyer
Douglas R. Sargent (IL Bar No. 6290671)
*dsargent@lockelord.com*
Ryan A. Sawyer (IL Bar No. 6293696)
*ryan.sawyer@lockelord.com*

89314055v.3

LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0700
*(admitted pro hac vice)*

Drew H. Campbell (0047197)
Noorjahan Rahman (0096038)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-2300
(614) 227-2390 (facsimile)
dcampbell@bricker.com
nrahman@bricker.com

*Attorneys for Defendant U.S. Bank National Association*

89314055v.3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I electronically filed the foregoing, ***U.S. Bank***

***National Association's Answer and Affirmative Defenses to Complaint,*** with the Clerk of the

Court using the court's electronic filing system, which will send notification of such filing to all

registered participants.

                                                            /s/ Ryan A. Sawyer

89314055v.3